IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANIS B. REDA, | ) | |
|     Plaintiff, | ) | Case No: 10 C 1825 |
| | ) | |
| v. | ) | |
| | ) | Ronald A. Guzmán |
| ESTATE OF MARIO R. REDA, | ) | |
| and LISA REDA, | ) | |
|     Defendants. | ) | |
| | ) | |

## ORDER

For the reasons stated below, the Court denies Lisa's motions to dismiss on the grounds of res judicata, the probate exception and untimeliness [52, 59]. Status hearing set for October 28, 2013 at 9:30 a.m.

## STATEMENT

The following allegations are accepted as true for purposes of this motion. Janis and Mario Reda were married on July 10, 1965, and divorced on October 5, 1988, pursuant to a Judgment for Dissolution of Marriage entered by the Circuit Court of Cook County, Illinois ("Divorce Judgment").[1] (Compl., Dkt. # 1, ¶ 8.) The Divorce Judgment embodied the couple's agreement regarding, among other things, the division of their marital assets. (*Id.*) The Divorce Judgment granted Janis initial rights to one-half of the amount then in Mario's State University Retirement System of Illinois ("SURS") account, $32,460.00 (the "Initial Share"), and any and all later increases in the amount. (*Id.* ¶ 9.) In addition, the Divorce Judgment obligated Mario, if he died before retirement, to pay upon his death both the Initial Share and the increase in value to the Initial Share during the period between entry of the Divorce Judgment and Mario's death. (*Id.* ¶ 10.)

One week after the Divorce Judgment became final, Mario submitted to SURS a handwritten, witnessed Beneficiary Designation Form which failed to name Janis as a beneficiary, but which listed the couple's three children as beneficiaries of Mario's retirement benefits. (*Id.* ¶ 11.) In 1993, Mario got re-married to the former Lisa Glaser ("Lisa"), and they subsequently had two children. (*Id.* ¶ 12.) In 2002, Mario submitted a new beneficiary designation form to SURS, designating Lisa and their two children as his primary beneficiaries. (*Id.* ¶ 13.)

The Divorce Judgment required Mario to protect or secure Janis' interest in Mario's retirement account between the time of the couple's divorce and the time of Mario's exit from SURS by purchasing a life insurance policy or an annuity. (*Id.* ¶ 14.) The Divorce Judgment also obligated Mario to provide Janis with annual proof of purchase or maintenance of such policy or

---

[1] The Court will use the parties' first names for ease of reference.

annuity. (*Id.*)

Despite Janis' demands, Mario never purchased a life insurance policy or an annuity as he agreed. (*Id.* ¶ 15.)

Mario was diagnosed with cancer in January 2006. (*Id.* ¶ 16.) On February 4, 2006, Mario executed a will, which left his entire Estate to his second wife, Lisa. (*Id.* ¶ 17.) The will made no provision for Janis or the three children of Mario's marriage to Janis. (*Id.* ¶ 18.) On March 19, 2007, less than three months before his death, Mario quit-claimed a single-family house located at 819 North Monroe Street in River Forest, Illinois (the "Property") to himself and his then-wife Lisa as tenants by the entirety. (*Id.* ¶ 20.) The quit claim deed was recorded with the Cook County Recorder of Deeds on April 9, 2007. (*Id.*) Mario was the sole holder of title to the Property before he made this transfer. (*Id.* ¶ 21.)

Mario died of cancer on June 19, 2007. (*Id.* ¶ 25.) In September 2007, the total value of Mario's SURS retirement account was in excess of $730,000.00. (*Id.* ¶ 26.) This entire amount was distributed to Mario and Lisa's children through either lump sum distributions or annuities and Janis and the three children of Mario's first marriage received nothing. (*Id.*)

Having received no payments from Mario or his Estate, on June 18, 2009, Janis filed a Motion For A Rule To Show Cause Why A Constructive Trust Should Not Be Imposed On The Estate of Mario Reda in the Domestic Relations Division of the Circuit Court of Cook County, Illinois to recover the monies due her under the Divorce Judgment. (*Id.* ¶ 27.) On January 19, 2010, the Circuit Court entered a judgment in the amount $160,121.00 in favor of Janis and against the Estate of Mario Reda ("Circuit Court Judgment"). (*Id.*) The Circuit Court Judgment remains unpaid. (*Id.* ¶ 28.)

In this action, Janis alleges that Mario transferred title to the Property into tenancy by the entirety with the sole intent of avoiding the payment of the indebtedness then due and owing to Janis and leaving his Estate with insufficient assets with which to pay that indebtedness. (*Id.* ¶ 34.)

The Court elicited briefing from the parties regarding the applicability of the domestic relations exception to diversity jurisdiction to this case. The Court determined that the exception did not apply and also denied the defendants' motion to strike and dismiss certain allegations. (Dkt. # 50.) The Court then set a date for the defendants to answer as well as a fact discovery close date. (Dkt. # 51.) Soon thereafter, Lisa moved to dismiss the complaint on the ground that the probate exception to diversity jurisdiction applied. After the motion was briefed, the Court noted that both parties appeared to agree in their briefing that the fraudulent transfer claim that has been alleged in this case has already been decided by the Illinois Probate Court. The Court directed the parties to file memoranda on whether this case is barred by the doctrine of res judicata, and those memoranda have been filed.

The Court rules on the res judicata issue as well as Lisa's motion to dismiss pursuant to the probate exception below.

**Analysis**

   Res Judicata

On or about March 26, 2012, Plaintiff filed a supplemental proceeding in the Probate Division of the Circuit Court of Cook County alleging that Mario transferred the Property into tenancy by the entirety with the sole intent of preventing Janis from enforcing her rights under the Divorce Judgment and asking the court to avoid the transfer. (Dkt. # 52-3, PageID # 1157, ¶¶ 31-32.) The defendants in the supplemental proceeding, Estate of Mario Reda and Lisa Reda, filed a motion to dismiss on the ground that the fraudulent transfer claim was barred by the statute of limitations. (Dkt. # 52-4, PageID # 1162). The Probate Court granted the motion and dismissed Janis' complaint with prejudice. (Dkt. # 52-5, PageID # 1171).

The purpose of res judicata is to minimize "the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibility of inconsistent decision." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). Under Illinois law, "[r]es judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns*, 677 F.3d 766, 776 (7th Cir. 2012).

As an initial matter, a dismissal based on the statute of limitations is a dismissal on the merits for res judicata purposes. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204-05 (Ill. 1996). However, the Probate supplementary proceeding was not an "earlier action." This case, which alleges a fraudulent transfer claim, was filed on March 23, 2010. (Dkt. # 1.) The supplementary proceeding alleging the same claim in Probate Court was filed on or around March 26, 2012. Because the order in the Probate Court was not entered in an "earlier action," this case is not barred by res judicata.

   Probate Exception

The Supreme Court has held that the federal court "'may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court,'" but it may "'adjudicate rights in such property where the final judgment does not interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.'" *Marshall v. Marshall*, 547 U.S. 293, 310–12 (2006) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). It further explained that "we comprehend the 'interference' language in *Markham* as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* at 311. The probate exception is to be construed narrowly and should only be applied if "allowing [the suit] to be maintained in federal court would impair the policies served by the [exception]." *Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, however, Lisa has not shown that the Probate Court is exercising jurisdiction over the Property. Indeed, according to Janis, the Probate Court closed the Estate on April 23, 2013. (Pl.'s

Resp., Dkt. # 55, ¶ 21.)  Moreover, pursuant to the Second Amended Inventory and the Amended Final Account filed by the defendants in the Estate proceeding in Probate Court, the Property is not included as an asset of the Estate.  (*Id.*, Exs. A & B, Dkt. ## 55-1, 55-2.)  According to Janis, if she is successful in this case, then she would return to the Probate Court, seek to reopen Mario's probate case, have the property restored to the Estate and move to levy upon the Property.  (Pl.'s Resp., Dkt. # 55, at 7.)  Thus, this Court has no concerns about interfering with any proceedings in the Probate Court.  Moreover, the fraudulent transfer claim currently pending before this Court does not require any expertise in probate law nor would success on Janis' claim necessarily require action by this Court with respect to Mario's probate case.  Finally, the Court notes that if it were to find the probate exception applies, Janis would likely have no avenue for relief as the Probate Court has already dismissed her fraudulent transfer claim with prejudice.

For these reasons, the Court denies Lisa's motion to dismiss based on the probate exception.

Timeliness

Lisa also seeks to dismiss Janis' claim on the ground it is untimely.  The Court concludes that this argument is not properly considered at the motion to dismiss stage.  Lisa may renew the argument, if appropriate, in a dispositive motion.

**Conclusion**

For the reasons stated above, the Court denies Lisa's motions to dismiss on the grounds of res judicata, the probate exception and untimeliness [52, 59].  Status hearing set for October 28, 2013 at 9:30 a.m.

**Date**: October 15, 2013

_____
**United States District Judge**
**Ronald A. Guzmán**

4